# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEEX, INC.,<br><br>    Plaintiff,<br>v.<br><br>BEDGEAR, LLC,<br><br>    Defendant. | C.A. No. 14-1380-LPS-CJB<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff, SHEEX®, Inc. ("SHEEX") complains against Defendant, BedGear, LLC ("BedGear") as follows.

## GENERAL ALLEGATIONS

### SHEEX

1. SHEEX is a company incorporated under the laws of the State of Delaware, with its principal place of business in Irmo, South Carolina.

2. The mission of SHEEX is to create the ultimate sleep experience. To that end, SHEEX invented performance sheets. SHEEX founders and co-Chief Executive Officers Michelle Marciniak and Susan Walvius invented next-generation solutions to create the best sleep environment possible through breathable, stretchable, moisture-wicking technical fabric. Walvius and Marciniak were the first to come up with the idea and were the first to develop patented inventions to implement the idea. They have subsequently established a strong record of commercial success.

3. SHEEX has invested substantial resources and time in research and development of its SHEEX performance sleep products. Marciniak and Walvius, who have studied the

benefits of a healthy night's sleep, have undertaken great personal risk to overcome technological challenges and bring SHEEX products to consumers in attempt to improve their sleep.

4.  SHEEX's patents on this technology include U.S. Patent No. 8.402,580 (referred to herein as the '580 patent), which claims inventions of a finished fabric 90 inches wide having two circular knitted fabric portions with specified features.  The patents also include U.S. Patent No. 8,566,982 (referred to herein as the '982 patent), which claims inventions for methods for forming, or for circular knitting, two performance fabric portions.  The '580 and '982 patents are referred to herein as the "Asserted Patents."

5.  SHEEX filed its initial application for patent on this technology on September 29, 2008, and was selling products that use its patented technology by 2009.  The applications that issued as the Asserted Patents were published, and available to the public, on February 2, 2012, and January 6, 2011.

6.  The Patent Office examined the Asserted Patents over a period of several years. The Patent Office considered whether the inventions that they describe and claim were both new and also not obvious in light of prior patents, articles, inventions, and other references.  The Patent Office also rigorously assessed the language used to describe and claim the inventions. After this thorough examination, the Patent Office determined that the inventions were inventive and patentable.

**Accused Infringer BedGear**

7.  On information and belief, BedGear is a limited liability company incorporated in Delaware, with its principal place of business at 110 BI-County Blvd., Suite 101, Farmingdale, New York.

2

8. On information and belief, in or about November 2013, BedGear began offering so-called "Dri-Tec Performance Sheets," which are advertised as having "[s]mooth, conforming, moisture-wicking and cooling, powered by Dri-Tec® functional fibers and featuring Air-X® airflow stretch sidewalls and high recovery core compression elastic on fitted sheet." BedGear continues to offer these products. These BedGear products, and any equivalent products under different names, are referred to herein as the "Accused Products."

9. On information and belief, BedGear was originally focused on mattress covers and pillows, but did not offer sheets. BedGear then deliberately and volitionally copied the patented SHEEX products, using the same features of the SHEEX products and packaging, including SHEEX's patented inventions. Even BedGear's advertisements and publicity have deliberately and volitionally copied the SHEEX story of invention, for example, by referring to South Carolina and athletic clothing and using basketball imagery.

10. On information and belief, BedGear recognized the technological challenges in creating bedding using performance fibers. Eugene Alletto, Chief Executive Officer of BedGear, has presented in at least one presentation on these challenges and describes the challenges with the pictures illustrated in Figures 1 and 2, stating:

> What we needed to do was to find a way to manufacture these performance fibers into large enough widths goods to be able to cover mattresses. So it took us quite some time to work with mills to be able to get fabrics wide enough where we were able to put it into our category of goods.



Figure 1.



Figure 2.

11. On information and belief, BedGear's solution to these challenges was to copy the methods and products developed by Walvius and Marciniak and claimed in the Accused Patents. Because BedGear did not seek permission to use SHEEX's inventions and is not licensed under the patents, every instance of BedGear making, using, selling, offering for sale or importing one of their Dri-Tec Performance Sheets or Accused Products constitutes patent infringement. Similarly, any instance by BedGear's customers of selling or offering for sale (or using or importing) similarly constitutes patent infringement.

12. Upon information and belief, upon knowledge of the '982 patent, BedGear is inducing infringement of the '982 patent by, among other things, knowingly and with intent, actively encouraging and aiding its manufacturers to manufacture the Accused Products using methods that constitute direct infringement of one or more claims of the '982 patent, for use, sale

or offer to sale those Accused Products in the United States and/or for importation into the United States.

13. Further, upon information and belief, upon knowledge of the '580 patent, BedGear is inducing infringement of the '580 patent by, among other things, knowingly and with intent, actively encouraging its manufacturers and resellers to make, use, sale, offer for sale and/or import Accused Products in manners that constitute direct infringement of one or more claims of the '580 patent.

14. BedGear's actions (and the actions of the companies that sell or distribute BedGear's products) have caused irreparable harm, and will cause further irreparable harms to SHEEX if they continue.

15. Upon information and belief, BedGear has at all relevant times been aware of SHEEX products and patents and chose to knowingly misappropriate SHEEX's inventions. Our laws were developed to encourage business solutions and to protect intellectual property. They were developed to deter and punish such "willful infringement." As a result, and to deter future such conduct, the law provides the patentee, here SHEEX, up to three times its actual damages.

16. As a result of BedGear's actions, SHEEX was forced to file this lawsuit to protect its patented innovations and its reputation.

17. While SHEEX is entitled by law to keep the Accused Products out of the marketplace and to prevent the entry of lower quality infringing goods from irreparably eroding the marketplace, and is prepared to pursue legal relief to abate such harm, after the filing of this lawsuit SHEEX attempted in good faith to work cooperatively with BedGear to determine if a business resolution that would benefit all parties, SHEEX customers, and consumers at large would be possible.

18. On multiple occasions after the filing of this lawsuit, SHEEX attempted to contact Mr. Alletto, Chief Executive Officer of BedGear. SHEEX left numerous voice mail messages for Mr. Alletto, asking him to return the call so that the parties could discuss the matter. Neither Mr. Alletto – nor anyone representing Mr. Alletto or BedGear – ever returned any of these calls.

19. In the over 110 days since the original Complaint in this action was filed, neither Mr. Alletto nor BedGear have ever denied infringement. Mr. Alletto has been asked about the complaint by at least one reporter, and knows of the lawsuit, but neither Mr. Alletto nor BedGear have made any effort to understand and respect the intellectual property of SHEEX.

20. Because Mr. Alletto and BedGear continue to willfully infringe SHEEX patents and refuse to respect the intellectual property of SHEEX, SHEEX is forced to serve this complaint and proceed with this litigation.

## JURISDICTION AND VENUE

21. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22. On information and belief, BedGear is subject to personal jurisdiction in the State of Delaware because it is incorporated in this state, and also because it is doing and has done substantial business in this District, including business relating to the sale and distribution of the Accused Products.

23. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b), because, among other reasons, BedGear is subject to personal jurisdiction in this judicial District and has committed acts of infringement in this judicial District.

## COUNT I

### (Infringement of U.S. Patent No. 8,402,580)

24. Plaintiff incorporates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

25. On March 26, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,402,580 ("the '580 patent"), entitled "*Fabric System*," to Susan Walvius and Michelle Marciniak. A true and correct copy of the '580 patent is attached as Exhibit A.

26. SHEEX, Inc. is the owner, by assignment, of all right, title and interest in the '580 patent, including the right to recover damages for past infringement.

27. BedGear has infringed and continues to infringe the '580 patent in this District and throughout the United States by making, using, importing, offering for sale and/or selling one or more of the Accused Products, which practice one or more of the claims of the '580 patent.

28. BedGear has induced and/or is inducing the infringement of the '580 patent by inducing others, including manufacturers, resellers, and customers, to make, use, import, offer for sale and/or sell one or more of the Accused Products, which practice one or more of the claims of the '580 patent.

29. As a result of BedGear's infringement of the '580 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from BedGear the damages adequate to compensate for such infringement, in an amount to be determined at trial.

30. Upon information and belief, BedGear's acts of infringement of the '580 patent herein have been committed and are being committed with full knowledge of Plaintiff's rights in

the patent. On information and belief, BedGear has acted and is continuing to act despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of that objectively high risk. BedGear's acts constitute willful and deliberate infringement, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

31. BedGear's acts of infringement of the '580 patent have caused and will continue to cause irreparable harm to Plaintiff, entitling Plaintiff to injunctive relief.

## COUNT II

### (Infringement of U.S. Patent No. 8,566,982)

32. Plaintiff incorporates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

33. On October 28, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,566,982 ("the '982 patent"), entitled "*Fabric System*," to Susan Katherine Walvius and Michelle Marie Marciniak. A true and correct copy of the '982 patent is attached as Exhibit B.

34. SHEEX, Inc. is the owner, by assignment, of all right, title and interest in the '982 patent, including the right to recover damages for past infringement.

35. BedGear has infringed and continues to infringe the '982 patent in this District and throughout the United States by making, using, importing, offering for sale and/or selling one or more of the Accused Products, which practice one or more of the claims of the '982 patent.

36. In particular, BedGear has induced and/or is inducing the infringement of the '982 patented methods by having its manufacturer(s) made the Accused Products, with methods that infringe the '982 patent.

37. As a result of BedGear's infringement of the '982 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from BedGear the damages adequate to compensate for such infringement, in an amount to be determined at trial.

38. Upon information and belief, BedGear's acts of infringement of the '982 patent herein have been committed and are being committed with full knowledge of Plaintiff's rights in the patent. On information and belief, BedGear has acted and is continuing to act despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of that objectively high risk. BedGear's acts constitute willful and deliberate infringement, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

39. BedGear's acts of infringement of the '982 patent have caused and will continue to cause irreparable harm to Plaintiff, entitling Plaintiff to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, SHEEX prays that this Court enters judgment and provides relief as follows:

A. That BedGear has infringed and is infringing the Asserted Patents, namely, the '580 patent and the '982 patent;

B. That BedGear has induced, and is inducing, infringement of the Asserted Patents;

C. That BedGear has willfully infringed, and is willfully infringing, the Asserted Patents;

D. That BedGear, and its officers, agents, servants, employees, and those in active concert or participation with them directly or indirectly, be enjoined from infringing the Asserted Patents as permitted by 35 U.S.C. § 283;

E. For an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

F. That BedGear be ordered to account for and pay to Plaintiff the damages resulting from BedGear's infringement of the Asserted Patents, including lost profits, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured, and in any event no less than a reasonable royalty;

G. That this action be adjudged an exceptional case and Plaintiff be awarded its attorneys' fees, expenses and costs in this action pursuant to 35 U.S.C. § 285; and

H. That Plaintiff be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

SHEEX demands trial by jury on all issues so triable.

Dated: March 4, 2015			FISH & RICHARDSON P.C.


By: */s/ Christopher G. Smith*
    Douglas E. McCann (#3852)
    Christopher G. Smith (#6074)
    222 Delaware Ave, 17th Floor
    Wilmington, DE 19801
    302-652-5070
    dmccann@fr.com; cgs@fr.com

    Katherine Kelly Lutton
    Tamara Fraizer
    FISH & RICHARDSON P.C.
    500 Arguello Street., Suite 500
    Redwood City, California 94063
    (650) 839-5070
    lutton@fr.com
    fraizer@fr.com

ATTORNEYS FOR PLAINTIFF
SHEEX, INC.